UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 28 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

ROBERT E. QUINN,

Defendant.

Criminal No.  05-0018 (JDB)

## MEMORANDUM OPINION & ORDER

Defendant Robert E. Quinn, having been convicted by a jury on December 7, 2005, on five counts of willfully violating federal laws restricting the export of goods to Iran and one count of conspiring to violate export-control laws, and having been sentenced by this court on February 23, 2006, to a term of imprisonment of thirty-nine months, moves for release on bond pending resolution of his appeal. The government presented its opposition to the motion in open court at the conclusion of the sentencing hearing.

Whenever a person is found guilty of a federal offense and sentenced to a term of imprisonment, there is a presumption that the person should begin serving that sentence, notwithstanding the filing of an appeal of the conviction or the sentence. See 18 U.S.C. § 3143(b)(1). If, however, the defendant can establish by clear and convincing evidence that he is not likely to flee or pose a danger to the community, 18 U.S.C. § 3143(b)(1)(A), *and* also can show that (1) he is appealing for purposes other than delay, (2) the appeal "raises a substantial question of law or fact," and (3) a favorable appellate ruling on that substantial question would likely result in a reversal, an order for a new trial, a sentence that does not include incarceration,

or a reduced sentence to a term of imprisonment less than the total of any time already served plus the expected duration of the appeal process, then the sentencing court "shall order the release of the person" pending resolution of the appeal, 18 U.S.C. § 3143(b)(1)(B).[1]

In this case, the government concedes that defendant, who has no prior criminal history, is unlikely to flee and does not pose any danger to the community. The Court agrees. Defendant was released on bond shortly after his arrest in December 2004 and remained free pending trial (and then pending sentencing) in his home state of Kentucky in full compliance with the bond conditions, which include reporting weekly to the D.C. Pretrial Services Agency by telephone and appearing in this Court for all required proceedings. Hence, plaintiff has met the initial requirements of 18 U.S.C. § 3143(b)(1)(A) to be considered for release pending appeal.

As for whether defendant satisfies the requirements of 18 U.S.C. § 3143(b)(1)(B), there has been no suggestion that his appeal is merely a dilatory tactic, and so the only dispute is the extent to which the appeal "raises a substantial question of law that is likely to result in ... reversal [or] an order for new trial."[2] In determining the substantiality of a question of law for purposes of section 3143(b), courts in this jurisdiction ask whether the question is "a 'close' question or one that very well could be decided the other way." United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1988) (citing cases from the First, Second, Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits). Among the questions of law that defendant intends to raise on

---

[1] There are certain categories of serious offenses to which this rule does not apply, but they are not relevant here. See 18 U.S.C. § 3143(b)(2) (mandating detention for any person convicted of offenses described in 18 U.S.C. § 3142(f)(1)).

[2] Because the grounds for appeal offered by defense counsel at the sentencing hearing relate more to the merits of the conviction than to the appropriateness of the sentence, the Court will not address the likelihood that a successful appeal would result in a reduced sentence of imprisonment or a sentence that does not include a term of imprisonment.

appeal is whether this Court erred in its instructions to the jury about the scienter element of the charged offenses -- specifically the description of the government's burden of proving a "willful" violation of export-control regulations promulgated under the International Emergency Economic Powers Act ("IEEPA"), see 50 U.S.C. § 1705(b).[3]

In ruling on defendant's motion for judgment of acquittal, the Court rejected defendant's argument that, to sustain a conviction for the indicted crimes, the government was required to prove that defendant knew he was engaged in export activities requiring a license from the Treasury Department's Office of Foreign Assets Control ("OFAC") and knew that his company did not have such a license. See United States v. Quinn, 403 F.Supp. 2d 57, 64 (D.D.C. 2005). The Court concluded that knowledge of the OFAC licensing requirement was not part of the willfulness element of the offenses, and the jury instructions reflected that holding. Because the parties and the Court were aware of no legal authority, binding or otherwise, that directly addressed this aspect of IEEPA's export-control regulations, and because the term "willful" in a criminal statute is amenable to various meanings, the Court's conclusion was based primarily on an analysis of case law relating to similar offenses. That analysis ultimately led the Court to find defendant's argument unpersuasive. Defendant's position, however, was not without some support in that body of law. Defendant, for instance, relied on two cases involving charges brought under the Arms Control Export Act in which the trial court's jury instructions indicated that willful violation of that statute required a showing that the defendant had knowledge of the law's licensing requirement. See United States v. Durrani, 835 F.2d 410, 423 (2d Cir.1987);

---

[3] The element of willfulness also applied to the conspiracy charge because, "in order to sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the Government must prove at least the degree of criminal intent necessary for the substantive offense itself." See United States v. Feola, 420 U.S. 671, 686 (1975).

United States v. Smith, 918 F.2d 1032, 1038 (2d Cir. 1990). Defendant also pointed to a Supreme Court case holding that a conviction for "willful" violation of federal tax laws requires proof beyond a reasonable doubt that the defendant was aware that the tax code imposed a particular reporting requirement. See Cheek v. United States, 498 U.S. 192, 201-04 (1991).

Although the Court found these cases and others to be distinguishable and was persuaded by the rationale applied by other courts to analogous statutory schemes, the test for determining whether defendant has raised a "substantial question of law" under 18 U.S.C. § 3143(b) is *not* whether the Court believes defendant has shown a likelihood of success on the merits of the appeal; rather, it is only whether defendant presents "a 'close' question or one that very well could be decided the other way." See United States v. Rittweger, No. 02-CR-0122, 2005 WL 3200901, at *4 (S.D.N.Y. Nov. 30, 2005) ("By finding that there is a substantial issue for appeal for defendants ..., the Court does not find that the issue will ultimately succeed or that it has merit."). Here, defendant satisfies that test. In circumstances such as this -- where a defendant challenges the Court's ruling on a novel question of law and provides a rationale for a contrary interpretation that is supported by arguably applicable legal authority -- the Court cannot say that the question for appeal is insubstantial or not susceptible to a different answer. See, e.g., id. (holding that defendants had raised a substantial issue for appeal as to whether there was a sufficient allegation of "common purpose" to support a joint trial); United States v Kaplan, No. 02-CR-0883, 2005 WL 3148060, at *2 (S.D.N.Y. Nov. 22, 2005) ("The question of whether evidence proves actual knowledge or conscious avoidance 'is a fine line -- precisely the type of fine line that makes the decision to give the conscious avoidance charge a "close" question.'") (citation omitted).

With respect to the further requirement of 18 U.S.C. § 3143(b)(1)(B) that the substantial

question be "likely to result in ... reversal [or] an order for a new trial," it is clear that this requirement precludes release pending appeal only where the alleged error might be deemed merely harmless or unprejudicial. That is undoubtedly *not* the case where, as here, the alleged error involves the charge to the jury on the essential elements of the offenses. As the D.C. Circuit said in Perholtz, "if that question is resolved in appellant['s] favor, then, of course, th[e] conviction[] must be reversed." See 836 F.2d at 555.

Based upon the foregoing findings, the resolution of defendant's motion is dictated by the clear command of the statute. See 18 U.S.C. § 3143(b)(1)(B) ("If the judicial officer makes such findings, such judicial officer shall order the release of the person ...."). "Shall" simply leaves little room for debate. Accordingly, it is this 28th day of February, 2006, hereby

**ORDERED** that defendant's motion for release pending appeal pursuant to 18 U.S.C. § 3143(b) is **GRANTED**; and it is further

**ORDERED** that defendant is released on a personal recognizance bond in the same amount and upon the same conditions as reflected in the pre-sentencing release order, see Order Setting Conditions of Release, Dec. 7, 2005 [Docket Entry #129], until such time as his appeal to the United States Court of Appeals for the District of Columbia Circuit is resolved.[4]

_____
JOHN D. BATES
United States District Judge

---

[4] Because the Court finds that defendant has met his burden and satisfied the standard for release pending appeal based on the willful-violation issue, the Court need not address whether any of the other bases for his appeal raise a "substantial question."

Copies to:

Jay I. Bratt
Laura A. Ingersoll
OFFICE OF THE U.S. ATTORNEY FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC  20530
Email: jay.bratt@usdoj.gov
Email: laura.ingersoll@usdoj.gov

*Counsel for the United States*


Aitan Dror Goelman
ZUCKERMAN SPAEDER, LLP
1800 M Street, NW
Washington, DC  20036-5802
Email: agoelman@zuckerman.com

Larry A. Mackey
BARNES & THORNBURG, LLP
11 South Meridan Street
Indianapolis, IN  46204
Email: larry.mackey@btlaw.com

*Counsel for defendant*